UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Jose Osvaldo Hernandez,

       Petitioner,

v.                                   Case No. 2:12-CV-315
                                   HON. R. ALLAN EDGAR

Jeffrey Woods,

       Respondent.

_____/

**OPINION AND ORDER**

       Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction based on there being an insufficient factual basis to support his plea, and an incorrect application of the sentencing guidelines to his case.  Petitioner pleaded guilty and was convicted of arson of a dwelling house (M.C.L. § 750.72), and was sentenced to seven to twenty years imprisonment on August 9, 2010.  Respondent has filed a Motion to Dismiss Petitioner's claim, and Petitioner has responded.  The case is now ready for decision.

       On August 9, 2010, Petitioner pleaded guilty to arson of a dwelling after acknowledging that he supplied the gasoline used to commit the crime upon request of co-defendant Philip Smithwick.  Smithwick and another accomplice entered the home with the gasoline provided by Petitioner, and subsequently burned the home down.  The home was located in a residential neighborhood.  At the time the house was burned down, it was in the process of being rehabilitated for use and was boarded up.

       Petitioner was convicted of arson of a dwelling in 2010 and sentenced, per the

plea agreement, to seven to twenty years. After being convicted, Petitioner filed an application

for leave to appeal in the Michigan Court of Appeals, raising the same claims brought before this

Court. The Michigan Court of Appeals affirmed Petitioner's conviction on September 20, 2011,

by way of summary order for lack of merit in the grounds presented. Petitioner then filed an

application for leave to appeal in the Michigan Supreme Court, which was denied on March 26,

2012, because that court was not persuaded that the questions, as presented, should be reviewed

by it. Petitioner did not appeal to the United States Supreme Court, and instead filed a habeas

petition in this Court on August 16, 2012.

Petitioner maintains that his conviction was obtained in violation of his state and

federal rights. This petition sets forth two claims for relief: (1) to withdraw Petitioner's guilty

plea due to there being an insufficient factual basis upon which to take the plea, and (2) to be re-

sentenced due to an incorrect application of the sentencing guidelines to his case. Respondent

has filed a motion to dismiss Petitioner's application for habeas corpus relief (Docket # 8).

Petitioner has chosen not to respond after being served with Respondent's answer (Docket # 16).

The matter is now ready for decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996. PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*,

535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures

state convictions are made under state law). 28 U.S.C. § 2254(d) provides that any habeas

application by a person in state custody shall not be granted in regards to any claim that has

previously been adjudicated on the merits in state court unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are

presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

## II.

Petitioner argues that this Court should grant him relief because: (1) there was an insufficient factual basis upon which to accept his guilty plea, and (2) his sentence score was incorrect.  This Court reviews both of these claims individually.

### A. Insufficient Factual Basis for a Plea

Petitioner seeks to withdraw his guilty plea based on there being an insufficient factual basis to accept the plea.  A conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer,* 541 F.3d 652, 656 (6th Cir.2008) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)).  In a habeas proceeding, however, the court cannot simply conduct a de novo review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of AEDPA.  Petitioner can be granted habeas relief only if the Michigan Court of Appeals unreasonably applied the *Jackson* standard.  *See Getsy v. Mitchell,* 495 F.3d 295, 315-16 (6th Cir. 2007) (en banc) (whether the petitioner is entitled to habeas relief ultimately depends on whether the state court's denial was based on an unreasonable application of clearly established federal law regarding the

-4-

sufficiency of the evidence). The court's task is "to determine whether it was objectively unreasonable for the [state court] to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that [Petitioner] committed the essential element of [the crimes charged] beyond a reasonable doubt." *See Nash v. Eberlin,* 258 Fed. App'x 761, 765 (6th Cir. 2007).

When reviewing whether the state court's determination was "objectively unreasonable," the court must engage in a two-step analysis. First, the court must ask whether the evidence itself was sufficient to convict under *Jackson.* The inquiry ends if it is determined that there was sufficient evidence to convict Petitioner. If the court finds that the evidence is insufficient to convict, it must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *Id.* The law therefore "commands deference at two levels." *Tucker,* 541 F.3d at 656.

While the Michigan Court of Appeals denied Petitioner's application for leave to appeal his guilty plea for lack of merit in the grounds presented without providing any reasoning, this Court must still defer to the state court's decision. 28 U.S.C. § 2254(e)(1). When a state court has denied a petitioner's claim for lack of merit in the grounds presented, the unexplained summary order is still presumed to have been adjudicated on the merits for the purposes of AEDPA. *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012); *see also Harrington v. Richter*, 562 U.S. 86, 99-100 (2011) ("[Section] 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits."). Consequently, even when "a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still

-5-

must be met by showing there was no reasonable basis for the state court to deny relief."
*Harrington*, 562 U.S. at 98.

The state court's review of this claim is entitled deference since it adjudicated Petitioner's claim on the merits when denying Petitioner's request for relief for lack of merit in the grounds presented. Petitioner alleges that the home involved in this arson was not habitable; however, Petitioner has not provided any evidence outside of his own statements to support this allegation. In fact, the facts presented indicate that the home was located in a residential neighborhood and was in the process of being rehabilitated. Because Petitioner has not set forth new facts to change the state court's outcome, he has not met his burden, and Petitioner's request for relief is denied.

**B. Incorrect Application of the Sentencing Guidelines to Petitioner's case**.

Petitioner claims his sentencing score was incorrect and that he should be re-sentenced as a result. Even if this Court were to review the merits of Petitioner's argument, improper sentence scoring claims are state law claims, which are typically not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (noting federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (stating alleged violation of state law with respect to sentencing is not subject to federal habeas relief). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline

minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)); s*ee also Doyle*, 347 F. Supp. 2d at 485 (noting a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972). To prevail on such a claim, the petitioner must show that the information before the sentencing court was materially false, and that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447;*United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence is clearly not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Petitioner pleaded guilty and was convicted of arson of a dwelling, pursuant to M.C.L. § 750.72. Upon conviction of this crime, a

person may be sentenced to "imprisonment for life or any terms of years." MICH. COMP. LAWS §

750.72(3).  In addition to understanding this information, Petitioner's sentence agreement, which

provided for a sentence below the minimum guidelines score, was followed.  *See* Resp't Answer

in Opp'n at 23.  Overall, given the violent nature of the crime and Petitioner's understanding of

the possible sentence,  Petitioner's sentence of seven to twenty years imprisonment is not so

disproportionate to the crime that it is arbitrary or shocking.  *See Doyle*, 347 F. Supp. 2d at 485;

*see, e.g., Robinson v. McKee*, No. 2:13-CV-14407, 2014 WL 128417, at *1 (E.D. Mich. Jan. 14,

2014) (noting a sentence of fifteen to sixty years imprisonment for arson of a dwelling); *Edwards*

*v. Romanowski*, No. 2:07-CV-14798, 2009 WL 929034, at *1 (E.D. Mich. Apr. 2, 2009) (noting

a sentence of ten to twenty years).

   Further, Petitioner does not argue that the facts found and used by the court in

determining his sentence were either materially false or that the court based its sentence on false

information.  *Tucker*, 404 U.S. at 447.  Petitioner never objected to the sentence score or its basis

during his sentencing hearing in the trial court.  Simply because Petitioner now believes that the

trial court's reliance on Petitioner's then agreed upon sentence score was erroneous does not

qualify this claim as being so egregious as to implicate due process.  Consequently, this Court

denies Petitioner's request for re-sentencing.

III.

   This Court concludes that both of Petitioner's claims are without merit.  Should Petitioner

choose to appeal this action, the Court must determine whether a certificate of appealability may

be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has

-8-

disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, the Court denies a certificate of appealability to each issue raised.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's motion for post-conviction relief (Docket # 1) pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

Dated:  5/27/2015            /s/ R. Allan Edgar
                                      R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE